84,347-01

No. —————————————

Shad C. Modesett  
PETITIONER ~~APPELLANT~~

vs.

The State of Texas  
STATE

) IN THE COURT OF CRIMINAL APPEALS  
)  
) OF THE STATE OF TEXAS  
)  
)

RECEIVED IN  
COURT OF CRIMINAL APPEALS

DEC 15 2015

Abel Acosta, Clerk

PETITION FOR A WRIT OF HABEAS CORPUS  
WITH EXHIBITS 'A' through 'G'

This document contains some pages that are of poor quality at the time of imaging.

No. _____

SHAD C. MODESETT, PETITIONER

VS

THE STATE OF TEXAS

)  IN THE COURT OF CRIMINAL
)
)  APPEALS OF THE STATE OF TEXAS
)
)

PETITION FOR A WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGES OF SAID COURT:

Now comes Shad C. Modesett, Petitioner and Files this ~~this application~~ petition

for writ of habeas corpus and in support of said application would

show the following:

I

Pursuant to Article 11.12 of the Texas Code of Criminal Procedure,

the petitioner himself is presenting this petition. Article

11.12 states, "Either the party for whose relief the writ is intended,

or any person for him, may present to the proper authority for

the purpose of obtaining relief."

II

Pursuant to Article 11.05 of the Texas Code of Criminal

Procedure, the Petitioner is presenting this petition to the

page ①

proper authority, the Court of Criminal Appeals. Article 11.05 states, "The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of Habeas Corpus; and it is their duty, upon proper motion, to grant the writ under the rules prescribed by Law."

## III

Petitioner is illegally confined in Bexar County Adult Detention Center, in the custody of Susan Pamerleau, Sheriff of Bexar County, Texas, and has been so confined since the date of his arrest on the 22nd Day of October, 2013.

## IV.

Petitioner is confined pursuant to criminal complaint number 2012 CR 10144 filed in the 175th Judicial District Court of Bexar County, Texas, on December 12, 2012, charging Petitioner with the felony offense of Aggravated assault with a deadly weapon, a violation of Section 22.02 of the Texas Penal Code. (Exhibit A)

page ②

## V.

On February 19, 2012, petitioner was involved in a traffic accident with Jonathon Esquivel, a San Antonio Police Dept. (SAPD) Traffic Officer. Within a few minutes of the accident, the petitioner was detained due to an existing municipal warrant. (Exhibit B) Detectives from the Traffic Investigative Division of the S.A.P.D. arrived on scene including Detective John Doyle #2401. Petitioner gave consent to search his vehicle. Allegedly John Doyle was advised that the petitioner may have been texting after the accident on that advice Doyle presumed the petitioner may have been texting during the accident. Doyle seized the petitioners cell phone and to _Determine if he had been texting at the time of the crash_, Doyle _checked_ the petitioners cell phone for an access code. Doyle allegedly found a text on the phone, Doyle then advised the petitioners phone be put in inventory. (Exhibit C) On February 20, 2012, Doyle swore to and filed an affidavit for a Search Warrant to search the petitioners cell phone, in which he uses as

page ③

probable cause information garnered PRIOR to securing a search warrant. (Exhibit D) THE search warrant was served by Anthony Dimmick #2203. (EXHIBIT E') Interesting to note the data Report does not show the alleged text used in the probable cause but does show more possible manipulation of said phone. (EXHIBIT F).

Ultimately, the information garnered from Doyles illegal cell phone search culminated in Detective Dimmicks Report alleging that the petitioner was texting within the last minute before the accident and that texting constituted recklessness. Dimmick concluded that the petitioner be charged with and arrested for aggravated assault with a deadly weapon. (EXHIBIT G')

### VI.

The issue of warrantless cell phone searches have been addressed by the Supreme Court of the United States in Riley vs. California, 134 S.Ct 2473 which held "The answer to the question of what police must do before searching a cell phone seized incident to arrest is accordingly simple - get a warrant." The Court of Criminal

page ④

Appeals in the State of Texas agreed with the Supreme courts holding in State vs. Granville 423 S.W. 3d 399, a case which is very similar to the one at hand. In State vs. Jordan, 342 S.W. 3d 565 (TEX. CRIM. APP. 2011) it states, "We know of no authority that allows the State to search property merely because its officers have probable cause to believe that a crime occurred and evidence of that crime can be found on the property to be searched. Those two indicia simply provide a basis to secure a warrant."

## VII.

The use of information garnered from the illegal search can not be sufficiently attenuated from the arrest of the petitioner for aggravated assault with a deadly weapon.

## VIII.

The petitioner has attempted to be heard in District Court 221 the trial court by motions from his attorney on or about Jan 23, 2015 and by the petitioner on or

about February 17, 2015, both to no avail. (NOTE the petitioner has requested copies stamped by the District Clerk, from the district Clerk again to no avail.) The petitioner has a constitutional right to be heard, ~~for this~~ the State and Courts undue lack of action on this alleged 4th Amendment violation has caused him to seek relief in the Court of Criminal Appeals. The documents involved are marked as EXHIBITS 'A' through 'G' and are attached hereto and made apart hereof.

Where fore premises considered, the petitioner prays that this Court grant and issue a Writ of Habeas Corpus and that pending a hearing Applicant be released and discharged from further restraint.

_____
PETITIONER

Before me, the undersigned authority, on this day appeared Shad Modesett, who being by me duly sworn, upon oath states that the allegations of fact contained in the foregoing Application for writ of Habeas Corpus are true and correct. Subscribed to and sworn to before me on 10th day of December, 2015.

page 6

_____
NOTARY PUBLIC

SANDRA LNN MALLOY
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-22-2019

**Defendant:** SHAD CHRISTOPHER MODESETT
**JN #:** 1531446-1
**CLERK'S ORIGINAL**

**Address:** , ,

**Complainant:** Jonathan Esquivel

**CoDefendants:**

**Offense Code/Charge:** 130116 - AGG ASSLT W/DEADLY WPN

**GJ:** 559965    **PH Court:**

**Court #:** 175th    SID #:491399    Cause # **2012-CR-10144**
**Witness:** State's Attorney

```
FILED
_____ O'CLOCK _____ M
DEC 12 2012
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY, TEXAS
BY _____
DEPUTY
```

## TRUE BILL OF INDICTMENT

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS, the Grand Jury of Bexar County, State of Texas, duly organized, empanelled and sworn as such at the November term, A.D., 2012, of the 175th Judicial District Court of said County, in said Court, at said term, do present in and to said Court that in the County and State aforesaid, and anterior to the presentment of this indictment:

### COUNT I
### PARAGRAPH A

on or about the 19th Day of February, 2012, SHAD CHRISTOPHER MODESETT, hereinafter referred to as defendant, did use and exhibit a deadly weapon, NAMELY: A MOTOR VEHICLE, THAT IN THE MANNER OF ITS USE AND INTENDED USE WAS CAPABLE OF CAUSING DEATH AND SERIOUS BODILY INJURY, and defendant did intentionally, knowingly and recklessly CAUSE BODILY INJURY to Jonathan Esquivel, hereinafter referred to as complainant, by DRIVING SAID DEADLY WEAPON AT A RATE OF SPEED THAT WAS GREATER THAN THAT WHICH AN ORDINARY PRUDENT PERSON WOULD HAVE DRIVEN UNDER THE SAME OR SIMILAR CIRCUMSTANCES, AND BY FAILING TO TAKE PROPER AND NECESSARY EVASIVE ACTION, AND BY FAILING TO MAINTAIN A PROPER LOOKOUT WHICH AN ORDINARY PRUDENT PERSON WOULD HAVE MAINTAINED UNDER THE SAME OR SIMILAR CIRCUMSTANCES; THEREBY STRIKING THE SAID COMPLAINANT WITH SAID DEADLY WEAPON;

### PARAGRAPH B

on or about 19th Day of February, 2012, SHAD CHRISTOPHER MODESETT, did intentionally, knowingly and recklessly cause serious bodily injury to another, namely: Jonathan Esquivel, hereinafter referred to as complainant, by DRIVING A MOTOR VEHICLE AT A RATE OF SPEED THAT WAS GREATER THAN THAT WHICH AN ORDINARY PRUDENT PERSON WOULD HAVE DRIVEN UNDER THE SAME OR SIMILAR CIRCUMSTANCES; AND BY FAILING TO TAKE PROPER AND NECESSARY EVASIVE ACTION, AND BY FAILING TO MAINTAIN A PROPER LOOKOUT WHICH AN ORDINARY PRUDENT PERSON WOULD HAVE MAINTAINED UNDER THE SAME OR SIMILAR CIRCUMSTANCES; THEREBY STRIKING THE SAID COMPLAINANT WITH SAID MOTOR VEHICLE;

## INDICTMENT – CLERK'S ORIGINAL

**Defendant:** SHAD CHRISTOPHER MODESETT
**JN #:** 1531446-1

## PARAGRAPH C

on or about the 19th Day of February, 2012, SHAD CHRISTOPHER MODESETT, hereinafter referred to as defendant, did use and exhibit a deadly weapon, NAMELY: A MOTOR VEHICLE, THAT IN THE MANNER OF ITS USE AND INTENDED USE WAS CAPABLE OF CAUSING DEATH AND SERIOUS BODILY INJURY, and defendant did intentionally, knowingly and recklessly CAUSE BODILY INJURY to Jonathan Esquivel, hereinafter referred to as complainant, by DRIVING SAID DEADLY WEAPON AT A RATE OF SPEED THAT WAS GREATER THAN THAT WHICH AN ORDINARY PRUDENT PERSON WOULD HAVE DRIVEN UNDER THE SAME OR SIMILAR CIRCUMSTANCES; AND BY FAILING TO TAKE PROPER AND NECESSARY EVASIVE ACTION; AND BY FAILING TO MAINTAIN A PROPER LOOKOUT WHICH AN ORDINARY PRUDENT PERSON WOULD HAVE MAINTAINED UNDER THE SAME OR SIMILAR CIRCUMSTANCES; AND BY USING A CELL PHONE, NAMELY: BY MESSAGING ANOTHER INDIVIDUAL, WHILE OPERATING SUCH DEADLY WEAPON; THEREBY STRIKING THE COMPLAINANT WITH SAID DEADLY WEAPON;

## PARAGRAPH D

on or about 19th Day of February, 2012, SHAD CHRISTOPHER MODESETT did intentionally, knowingly and recklessly cause serious bodily injury to another, namely: Jonathan Esquivel, hereinafter referred to as complainant, by DRIVING A MOTOR VEHICLE AT A RATE OF SPEED THAT WAS GREATER THAN THAT WHICH AN ORDINARY PRUDENT PERSON WOULD HAVE DRIVEN UNDER THE SAME OR SIMILAR CIRCUMSTANCES; AND BY FAILING TO TAKE PROPER AND NECESSARY EVASIVE ACTION; AND BY FAILING TO MAINTAIN A PROPER LOOKOUT WHICH AN ORDINARY PRUDENT PERSON WOULD HAVE MAINTAINED UNDER THE SAME OR SIMILAR CIRCUMSTANCES; AND BY USING A CELL PHONE, NAMELY: BY MESSAGING ANOTHER INDIVIDUAL, WHILE OPERATING SUCH MOTOR VEHICLE; THEREBY STRIKING THE COMPLAINANT WITH SAID MOTOR VEHICLE;

## ENHANCEMENT ALLEGATION

And it is further presented in and to said Court that, before the commission of the offense alleged above, on the 11th day of FEBRUARY, A.D. 1994, in Cause No. 91CR5996, in Bexar County, Texas, the defendant was convicted of the felony of ATTEMP TO COMMIT MURDER NONFAMILY - GUN;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury

**REPEATER**

EXHIBIT 'A'

**POLICE REPORT**

# San Antonio
# Police Department



| Offense Case # | Incident Type | CFS Number |
|---|---|---|
| SAPD12038015 | SUPPLEMENT | SAPD-2012-0178931 |

| Primary Offense | | |
|---|---|---|
| | | Page 3 of 3 |

| Date / Time Occurred | Date / Time Reported |
|---|---|
| 2/19/2012 18:01 to 2/19/2012 18:04 | 2/19/2012 18:07 |

| Unit No. | City | State | Zip | Building No | Floor No. |
|---|---|---|---|---|---|
| | SAN ANTONIO | Texas | 78227 | | |

☐ Damaged ☐ Stolen ☐ Recovered ☐ Suspicious ☐ Suspect ☐ Victim ☑ Other

**Description**
PD INVOLVED ACCIDENT

| Method of Theft | Evidence of Stripping / Tampering | Repo. Check | Tow List Check | Owner Notified |
|---|---|---|---|---|
| | | ☐ Yes ☐ No | ☐ Yes ☐ No | ☐ Yes ☐ No |

**Recovery Location**

| Street Address | Unit Type |
|---|---|
| | |

| Unit No. | City | State | Zip | Building No | Floor No. |
|---|---|---|---|---|---|
| | SAN ANTONIO | Texas | | | |

| Tow Information | Recovered By | Recovery Date | Recovered Value | Recovery Code | Disposition |
|---|---|---|---|---|---|
| | | | | | |

☐ Impounded ☐ Towed

| Tow Report Number | Wrecker Service | Date Reported | Time |
|---|---|---|---|
| | | | |

| Location Towed From | Location Towed To | Towed Operator | Tow Truck Operator Signature |
|---|---|---|---|
| | | | |

**Narrative Legend**
AP1 = MODESETT, SHAD CHRISTOPHER

**Narrative Information**
I WAS DISPATCHED TO THE ABOVE LOCATION FOR AN OFFICER IN TROUBLE. UPON ARRIVAL I OBSERVED OFC. A VIERA #1594 DETAINING (AP). I PULLED UP TO OFC. A VIERA #1594 AND SHE PLACE (AP) IN MY CUSTODY. I SPOKE TO (AP) AND ASKED HIM WHAT HAPPENED WITH THE ACCIDENT AND (AP) STATED THAT HE WAS TRAVELING ON THE ACCESS RD OF NW LOOP 410/EVERS WHEN DROPPED HIS WATER AND BENT DOWN TO PICK IT UP. (AP) STATED THAT WHEN HE LOOKED UP HE SAW AN OFFICER BEHIND A PATROL CAR. (AP) STATED THAT HE SLAMMED ON HIS BRAKES AND TURNED TO THE TO THE LEFT TO TRY AND AVOID HITTING THE OFFICER. (AP) STATED THAT AT THE SAME TIME HE TURNED LEFT THE OFFICER ALSO RAN LEFT. (AP) STATED THAT HIS TRUCK WENT OFF THE SHOULDER AND STRUCK THE OFFICER THAT WAS RUNNING. (AP) STATED THAT HE STOPPED A LITTLE WAYS UP AND GOT OUT OF HIS VEHICLE. (AP) STATED THAT HE STAYED BY HIS TRUCK BECAUSE HE SAW PEOPLE TRYING TO HELP THE OFFICER AND STATED THAT HE STAYED BY HIS TRUCK BECAUSE HE WAS IN SHOCK. (AP) STATED THAT AN UNKNOWN MALE THEN APPROACHED HIM AND STATED THAT HE WAS AN EMT AND CHECKED TO MAKE SURE (AP) WAS OK. (AP) STATED THAT HE WAS THEN DETAINED AFTER THAT. (AP) WAS TRANSPORTED TO 214 W. NUEVA TO GIVE HIS STATEMENT TO NCID DETECTIVES. AFTER SPEAKING WITH DETECTIVES (AP) WAS THEN TRANSPORTED TO 401 S. FRIO FOR A TICKET WARRANT THAT HE HAD MWAR.V.1982970.



EXHIBIT 'C'

# City of San Antonio
## San Antonio Police Department
### Crime Scene Search Report



**Physical Evidence:** ○ No ● Yes

**Evidence Collected:**

I collected the following items of evidence:
E1: One (1) traffic officer's uniform hat located in the grassy area between the access road and highway,
E2: One (1) SAPOA day planner located in the grassy area between the access road and highway,
E3: One (1) wireless microphone, labeled "Coban" located in the grassy area between the access road and highway,
E4: A Verizon HTC cell phone, back, and battery located in the grassy area between the access road and highway,
E5: One (1) notebook located in the grassy area between the access road and highway,
E6: One (1) uniform name plate belonging to SAPD Officer J. Esquivel #0169 located in the far right lane of the highway,
E7: One (1) swab of apparent blood collected from the far right shoulder lane of the highway,
E8: One (1) pair of handcuffs belonging to SAPD Officer J. Esquivel #0169 located in the second highway lane from the right,
E9: One (1) pair of Oakley sunglasses located in the grassy area between the access road and highway,
E10: One (1) handcuff key located in the grassy area between the access road and highway,
E11: One (1) iPhone cell phone located on the toolbox located in the bed of V2,
E12: One (1) bottle of prescription pills, Clonazepam 1mg, apparently prescribed to "Cody Smith",
E13: One (1) set of keys belonging to V2.
I marked, packaged and placed evidence items E1 through E13 into the SAPD Property and Evidence Storage Facility located at 401 S. Frio.

**Prints:** Latent Prints Found? ● No ○ Yes

**Firearm(s):**

| Ref | Make | Model | Type | Caliber | Barrel Length | Serial Number | Supp? | Add |
|-----|------|-------|------|---------|---------------|---------------|-------|-----|
| F1 | | | | | | | ☐ | Delete |

**Vehicle(s):**

| Ref | Year | Make/Model | Color | License Number | VIN | Supp? | CoSA Veh? | Add |
|-----|------|-----------|-------|----------------|-----|-------|-----------|-----|
| V1 | 2009 | Ford/CVP | BLK/WHT | Tx:108-4618 | 2FAHP71V79X145042 | ☐ | ☑ | Delete |
| V2 | 1998 | Chevy/PK | WHT | Tx:BK9-3552 | 1GCEK19R9WR152348 | ☐ | ☐ | Delete |

**General Details:** ○ No ● Yes

Arrested Person (AP): Modesett, Shad (12/16/71)

I was dispatched to the above listed location along with SAPD Crime Scene Investigator S. Aguilar #9443 to process an apparent Officer Involved Major Accident. Upon my arrival, we contacted SAPD Traffic Sergeant Graff #3083 were informed that SAPD Traffic Officer J. Esquivel #0169 was apparently struck by V2 while standing to the rear of his patrol car (V1) on the far left lane of the access road. I observed apparent tire marks beginning behind V1 in the far left lane of the access road, leading through the grassy area between the access road and highway, onto the far right shoulder lane of the highway, and back into the grassy area where V2 was sitting, Officer Esquivel's belongings located in the grassy area and the highway, and apparent blood located in the far right shoulder lane. I contacted SAPD Crime Scene Unit Sergeant R. Rangel #3016 and informed him of the situation. He requested a video be taken of the scene before making his way to the scene. I contacted SAPD Crime Scene Investigator S. Coonradt #9409 to bring a video camera to the scene. I then proceeded to photograph the scene. See Photos section for details. TID Detectives made the scene. TID Detective J. Doyle #2401 requested I collect

EXHIBIT 'C'





# City of San Antonio
## San Antonio Police Department
### Crime Scene Search Report

 

*[handwritten: WHY SEARCH PHONE BEFORE]*

*[handwritten: SHOWS THEY TOOK CUSTODY OF MY PHONE, SO WHY SEARCH PHONE BEFORE WARRANT]*

the AP's cell phone located on the toolbox located in the bed of V2 as evidence along with Officer Esquivel's belongings, a swab of the apparent blood, a bottle of prescription pills located in the cup holder of V2, and the keys to V2. See Physical Evidence section for details. CSI Aguilar completed a rough sketch of the scene and took additional photographs of the scene and CSI Coonradt took a video recording of the scene. Refer to their respective reports for details. No further action was requested of this Investigator and no further action was taken.

### Signature

Member Making Report: **David Sarabia**          Badge No.: 9449

Assisted By: _____          Badge No.: _____

*[handwritten: EXHIBIT 'C']*

**State of Texas**

**County of Bexar**

EXHIBIT 'D'

Number: 975472

**In the Magistrate Court**

## Affidavit for Search Warrant

The undersigned Affiant, Detective John Doyle #2401 , being a Peace Officer under the laws of the State of Texas and being duly sworn, on oath, makes the following statements and accusations:

● There is in Bexar County, Texas, a suspected Thing described as follows:

I phone 4 collected from a 1998 Chevrolet pickup, Texas LP BK93552 in the SAPD Property room under property tag 990000816155

● There is in this suspected Thing items constituting evidence that the offense of Aggravated Assault , in violation of Section 22.02 of the Penal Code of the State of Texas, has been committed, and said evidence is described as follows:

Text messages, voice call records and evidence of internet use by the Defendant while driving

● It is the belief of your Affiant that the offense of Aggravated Assault was committed on or about the 19th day of February, 2012 in Bexar County, Texas.

● Your Affiant has probable cause for said belief by reason of the following facts:

Your Affiant was called to the 4800 block of Loop 410 for a crash involving a police officer who was struck by a vehicle. The Defendant, Shad Modesett, was driving southbound on the Loop 410 access road just east of Summit Parkway. Officer J. Esquivel, SAPD badge number 0169, was blocking the left lane of the access road because of a crash in the 4900 block of the access road. Officer Esquivel was in full distinctive SAPD uniform and was standing behind his marked SAPD patrol car with its emergency lights activated. The Defendant told officers that he dropped a water bottle and leaned over to pick it up. When the Defendant looked up, he saw the patrol car stopped in the roadway. Officer Esquivel saw the Defendant's vehicle coming and ran for the median. The Defendant veered around the patrol car and struck Officer Esquivel. Officer Esquivel suffered serious bodily injury and is in critical condition at University Hospital. To determine if the Defendant had been texting at the time of the crash, you Affiant checked the Defendant's cell phone for an access code. On the screen, there was a text that said, "I just hit a cop and I'm going to jail." The Defendant appeared to have been engaging in a texting conversation. Texting while driving constitutes recklessness that caused the serious bodily injury to Officer Esquivel. *Since when* *When does the state test* *constitutes recklessness*

● Your Affiant believes a search of the above described suspected Thing for the above described item(s) will constitute evidence that the offense of Aggravated Assault was committed on or about February 19, 2012 in Bexar County, Texas.

● Your Affiant further believes that the specific offense of Aggravated Assault has been committed and that the item(s)

EXHIBIT 'D'

* 4th Amendment violation

* Also Franks Test where is the text?

No documentary support of text in data Report acquired from warrant.

* To get past blank screen phone MUST BE manipulated, this done prior to warrant. The plain warrantless search establishing Probable cause.

described above, constituting evidence to be searched for and seized, are located in the suspected Thing.

EXHIBIT 'D'

Wherefore, your Affiant asks for the issuance of a Warrant that will authorize the seizure and search of the suspected thing, and the seizure of the above described evidence.

Respectfully Submitted,

*John Doyle #2401*

Signature of Affiant

Sworn to and subscribed before me in person

this 20 day of Feb 2012

hour of 5:07 Am

Signature of Magistrate
Bexar County, Texas

**State of Texas**
**County of Bexar**

Number: 975472

In the Magistrate Court

## Search Warrant

The State of Texas, to the Sheriff or any Peace Officer of Bexar County, Texas, or any Peace Officer of the State of Texas,

Greetings:

Whereas the Affiant whose signature is affixed to the Affidavit attached hereto did therefore this day subscribe and swear to said Affidavit before me, which is hereby incorporated herein for all purposes, and whereas I find that the facts stated by the Affiant in said Affidavit show that the Affiant has probable cause for the belief he expresses herein and establishes the existence of proper grounds for the issuance of this Warrant.

You are now therefore commanded to seize and search the suspected thing , described as follows:

> I phone 4 collected from a 1998 Chevrolet pickup, Texas LP BK93552 in the
> SAPD Property room under property tag 990000816155

for the following items found therein, including, but not limited to:

> Text messages, voice call records and evidence of internet use by the
> Defendant while driving

Herein fail not, but have you then and there execute this Warrant within three days, exclusive of the day of its issuance and execution, with your return thereon, showing how you have executed the same.

Issued on this the 2 day of Feb

2012 at the hour of 557 Am

Signature of Magistrate
Bexar County, Texas

GR.4250-02-b
Rev.2009-1  07/14/09

EXHIBIT 'D'

Page 4

**STATE OF TEXAS:**

Warrant #<u>975472</u>
Case # <u>12038015</u>

**COUNTY OF BEXAR:**

### RETURN AND INVENTORY

The undersigned Affiant, being a Peace Officer of the State of Texas and being fully sworn, on oath certifies that the foregoing WARRANT came to hand on the date of issue and that it was executed on the <u>21st</u> day of <u>February</u>, A. D., 2012, by searching the described item named in the Search Warrant, and the following items of evidence were seized:

**Data stored on the cell phone.**

AFFIANT _____ DIMMICK

Subscribed and sworn before me, the undersigned authority on this the ____ day of ____, A. D., 2012.

**SEAL**

_____
**NOTARY PUBLIC IN AND FOR
BEXAR COUNTY, TEXAS**

*Where is the data?*

DataPilot Repor CP_UTF8

| RecType | Date | Time | To | From | Message | Stat |
|---|---|---|---|---|---|---|
| 1 | 20120219 | 114418 | (210) 324-1129 | | Hey you got? | Sen |
| 0 | 20120219 | 114530 | | 2103241129 | Ay good | Rea |
| 1 | 20120219 | 125556 | 2104300802 | | Got binkies for baby | Sen |
| 1 | 20120219 | 134513 | (512) 902-1416 | | If you cant use it tell me i will go get 1 | Sen |
| 0 | 20120219 | 140238 | | 2104300802 | Couldnt use stroller | Rea |
| 1 | 20120219 | 140658 | 2104300802 | | Do i have a check book in the van? | Sen |
| 0 | 20120219 | 140806 | | 2104300802 | No..gave it to you.. | Rea |
| 0 | 20120219 | 140827 | | 2104300802 | Doesnt matter..on way to pow wow | Rea |
| 1 | 20120219 | 140840 | 2104300802 | | K let me find it then we meet at walmart | |
| 1 | 20120219 | 140846 | 2104300802 | | Ok laters | Sen |
| 0 | 20120219 | 141116 | | 2102321851 | U mk it by there if so or when u do let me know pls | Rea |
| 1 | 20120219 | 141435 | 2102321851 | | On way mom just got back | Sen |
| 1 | 20120219 | 141452 | 2102321851 | | Be there in bout 20 | Sen |
| 0 | 20120219 | 145248 | | 2103241129 | What up bro | Rea |
| 1 | 20120219 | 145939 | (210) 324-1129 | | Nevermind at work not leaving | Sen |
| 0 | 20120219 | 150034 | | 2103241129 | K | Rea |
| 0 | 20120219 | 162149 | | 2102321851 | What was wrong?? | Rea |
| 1 | 20120219 | 162320 | 2102321851 | | The fucking valve on the high side gonna try an tighten the packing nut ca | Sen |
| 0 | 20120219 | 162433 | | 2102321851 | Cut. It out there just gonna call bk | Rea |
| 1 | 20120219 | 162551 | 2102321851 | | Huh wtf are you saying i dont speak jibberish | Ser |
| 0 | 20120219 | 162646 | | 2102321851 | Cut valve out | Rea |
| 1 | 20120219 | 163342 | 2102321851 | | Cant attached to receiver fkn had to work on it last year | Ser |
| 0 | 20120219 | 163457 | | 2102321851 | Let fix it so whatever we nd to do | Rea |
| 1 | 20120219 | 163728 | 2102321851 | | I got it i have packing tape and it stopped it also using a metal cap all good | Ser |
| 1 | 20120219 | 164352 | 2102321851 | | Fuck yeah no leaks | |
| 0 | 20120219 | 165136 | | 2102321851 | Thanks | Rea |
| 1 | 20120219 | 170019 | 2102321851 | | Uep | Ser |
| 1 | 20120219 | 170036 | (210) 887-7794 | | On way bro | Ser |
| 0 | 20120219 | 170114 | | 2108877794 | Ok | Rea |
| 1 | 20120219 | 170832 | 2104300802 | | How yall doin over yonder | Ser |
| 1 | 20120219 | 170836 | 2104300802 | | ? | Ser |
| 1 | 20120219 | 173345 | (210) 887-7794 | | Sorry had to stop by work be. There in 20 | Ser |

Day of crash from data on phone.

| | | | | | |
|---|---|---|---|---|---|
| 1 | 20120219 | 174236 | 2104300802 | Ummm hello? | Ser |
| 0 | 20120219 | 174445 | | 2104300802 Whats up.drivn | Rea |
| 1 | 20120219 | 174539 | 2104300802 | Jusst checking on yall . | Ser |
| 1 | 20120219 | 175625 | 2108961283 | Hows it going bitch nasty | Ser. |
| | | | | good I'm putting a wire in the wall | |
| 0 | 20120219 | 175743 | | 2108961283 ~AesahWake~> | Rea |
| | | | | quit bothering me bitch I'm trying to work | |
| 0 | 20120219 | 175804 | | 2108961283 ~AesahWake~> | Rea |
| 1 | 20120219 | 175825 | 2108961283 | Hajaha | Ser |
| 0 | 20120219 | 185155 | | 2108877794 Dont worry bout radio I have to go to bed have to drive to rio hondo tommo | Unr |
| | | | | where you at trick | |
| 0 | 20120219 | 201507 | | 2108961283 ~AesahWake~> | Rea |
| 0 | 20120219 | 204454 | | 2104300802 Hey....brthr is tryn to get ahold of u | Unr |

Handwritten annotations:

Could have sent to rish't sent to afta!

Obviously wasn't in process

EXHIBIT 'F'

where is text "I hit a cop and I'm going to jail?"

why was this text 'read', how if it was in property room?

This also shows they were manipulating my phone without a warrant as they chose to read one persons texts and not another.

EXHIBIT 'G'

3. OFFENSE CLASSIFICATION

**PC 22.02**

**Aggravated Assault**

4. ASSIGNMENT NO: 12038015
5. OFFENSE NO: 130111
6. DATE REPORTED: 02/19/2012

**SAN ANTONIO POLICE DEPARTMENT**

| Last name of Complainant, First, Middle Initial | Address of Complainant | Phone Number |
|---|---|---|
| Ofc. Jonathan Esquivel #0169 | 214 W. Nueva | 210-207-7400 |

| Place of Occurrence-Street an-at or Number | Dist. Occurrence | Date & Time of Occurrence | Date and Time of this Report |
|---|---|---|---|
| 4800 NW Loop 410 Access Rd. | 7160 | 02-19-12 1758 hrs | 07-01-12 1030 hrs |

Additional Detail of Offense-Progress of Investigation-Disposition of Evidence, Property, Etc.

person or vehicle. The Defendant's speed, whether above or below the posted limit, was greater than reasonable since it resulted in a crash. yet vehicle was at some speed

The Defendant was also operating a motor vehicle without liability insurance. He was cited at the scene with citation P731506.

I met with the Complainant on 07-03-12. He is still recovering but recently was allowed to return home from the rehabilitation center. When I came into the Complainant's house, he was seated at the dining room table. He appeared to be in good spirits. His left ankle still appeared to be injured. He had a scar on his neck from a tracheotomy. He had a walker next to where he was sitting and there were two catheter bags hanging on the walker. Due to the severity of the injury, the Complainant has no memory of the day of the crash or the days surrounding the crash. He suffered a shattered pelvis and left ankle which both required surgery. His C6 vertebra was fractured. His bladder, urethra and prostate were torn. He had fluid drained from his head which was causing pressure to his brain. He had short term memory loss. I acquired a medical release form to obtain copies of his medical records.

The Defendant was reckless in the operation of his vehicle and that recklessness caused serious bodily injury to the Complainant. A person acts recklessly with respect to circumstances surrounding his conduct when he is aware of but consciously disregards a substantial and unjustified risk that the circumstances exist or the result will occur. The Defendant chose to operate his truck while typing/sending and reading text messages. This conduct is known to be dangerous while driving which is why it has been deemed illegal by city ordinance. The Defendant was focused on his phone and not the roadway or other motorists. The Complainant had sufficient warnings displayed which is evident by the 150 other motorist that heeded the warnings and responded appropriately. The Defendant's conduct has substantially affected the Complainant's quality of life.

| UCR STATUS | UNFOUNDED ( ) REPORT | CLEARED BY (X) ARREST | CLEARED BY ( ) JUVENILE ARREST | CLEARED BY EXCEPTION ( ) OR OTHER MEANS | CHANGE OF ( ) OFFENSE | PROGRESS OF ( ) INVESTIGATION |
|---|---|---|---|---|---|---|

| Officer Making Report (Badge No.) | Approving Authority | Unit Case No. | Unit Assigned to Follow-up |
|---|---|---|---|
| Det. A. Dimmick #2203 | Sgt. C. Delgado #3070 | 12038015 | Homicide/TID |